IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-128-BO-1
NO. 5:12-CV-188-BO

| | |
|---|---|
| JACOY NATHAN MAHORN, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on Mr. Mahorn's Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE 37], in which he asserts that, in light of the Fourth Circuit's recent decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he is innocent of being a felon in possession of a firearm. The United States filed a Motion to Dismiss on April 10, 2012 [DE 40]. The Motions are ripe for adjudication. For the following reasons, the United States' Motion is DENIED, Mr. Mahorn's Motion is GRANTED, his conviction and sentence are VACATED, and his supervised release is TERMINATED.

## BACKGROUND

On May 17, 2006, Mr. Mahorn was charged in a two-count indictment: Count One charged him with being a felon of possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Two charged him with possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 5, 2010, Mr. Mahorn pleaded guilty, pursuant to a written plea agreement, to Count One of the indictment [DE 21]. As part of the plea agreement, Mr. Mahorn agreed to waive his right to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to him

at the time of his guilty plea [DE 21 at 1-2].

On July 21, 2010, this Court sentenced Mr. Mahorn to, *inter alia*, nine months of imprisonment and three years of supervised release [DE 25, 26]. Mr. Mahorn did not file a direct appeal. Mr. Mahorn was released on October 28, 2010. On February 14, 2012, the United States Probation Office filed a motion for revocation of Mr. Mahorn's supervised release. On April 10, 2012, Mr. Mahorn filed the instant motion pursuant to 28 U.S.C. § 2255. His petition alleges that, in light of *United States v. Simmons*, he is innocent of the count to which he pleaded guilty and he is therefore entitled to have his conviction and sentence vacated and his supervised release terminated. The United States responds that Mr. Mahorn waived his right to file the instant petition in his plea agreement, that his petition is untimely, and that he is not entitled to equitable tolling. The United States further contends that the relief Mr. Mahorn seeks is inappropriate.

## DISCUSSION

### I. Mr. Mahorn Did Not Waive His Right To File This Motion Because His Challenge Falls Outside The Scope Of The Waiver

Although a criminal defendant may waive his right to attack his conviction and sentence collaterally, *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), the Fourth Circuit has held that proceedings that affect constitutional rights and fundamental fairness fall outside the scope of such waivers. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (sentence imposed in excess of maximum provided by statute or based on constitutionally impermissible factor like race falls outside the scope of an appeal waiver); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (challenges to the validity of sentences fall outside the scope of an appeal waiver where the challenge involves a claim that the sentence was illegal). This class of claims includes errors that the defendant "could not have reasonably contemplated" at the time of the

plea agreement. *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005). Whether a defendant is now actually innocent in light of *Simmons* is such a claim–and is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See United States v. Yancey*, No. 11-4792, 2012 WL 313752, at *1 (Feb. 2, 2012) (unpublished).

## II. Mr. Mahorn's Petition Was Timely Filed

A one-year statute of limitations applies to section 2255 petitions, as set out in 28 U.S.C. § 2255(f). That provision provides that a petitioner may file his section 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.§ 2255(f)(3).

### A. *Carachuri-Rosendo v. Holder* Is Retroactively Applicable On Collateral Review

In *Carachuri-Rosendo v. Holder*, the United States Supreme Court created a new rule that is retroactively applicable on collateral review. A rule is new if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(internal citation omitted). When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 494 (1990). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352 (internal citation and quotation marks omitted).

In *Carachuri*, the Court created a new substantive rule that held that the term "aggravated

felony" in the INA no longer included state offenses that, though they could have been enhanced by a federal recidivist provision had they been federally charged, were not, in fact, so charged or enhanced. *Carachuri-Rosendo*, 130 S. Ct. at 2589. Therefore, going forward, a district court can only consider a penalty enhanced by a recidivism statute "when the [recidivist] finding is a part of the record of conviction." *Id.* at 2587 n.12. If that finding is not a part of the record of conviction, *Carachuri* holds that an individual has "not been convicted of a felony punishable under the Controlled Substances Act," and he remains eligible for cancellation of removal or waiver of inadmissibility under 8 U.S.C. § 1229b(a). *Id.* at 2589-90. In other words, the Court narrowed the scope of the INA by interpreting the term "aggravated felony" in 8 U.S.C. § 1229b(a) to decriminalize certain individuals who would otherwise have been aggravated felons under the INA–it altered the "the class of persons that the law punishes." *See Schriro*, 542 U.S. at 353; *United States v. Halstead*, 634 F.3d 270, 274 (4th Cir. 2011).

Because this Court holds that *Carachuri* is retroactively applicable to cases on collateral review, Mr. Mahorn was statutorily entitled to file his petition within one year after the Supreme Court decided *Carachuri*–by June 14, 2011.

### B. *United States v. Simmons* Reinterpreted *Carachuri-Rosendo v. Holder* To An Extent That Requires Application of Equitable Tolling

The Supreme Court has held that a petitioner is entitled to equitable tolling if (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

### 1. Mr. Mahorn Has Pursued His Rights With Reasonable Diligence

As noted by the Supreme Court in *Holland*, "the 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct...particular injustices." *Holland*, 130 S. Ct. at 2563. Therefore, Mr. Mahorn's reasonable diligence must be viewed in light of the profound change in circuit law effectuated by *Simmons*. Mr. Mahorn filed the instant petition within eight months of the en banc decision in *Simmons*. At the time of that decision, Mr. Mahorn was on supervised release. It was not until February 14, 2012 that the United States Probation Office filed a motion to revoke Mr. Mahorn's supervised release. The Office of the Federal Public Defender was appointed to represent Mr. Mahorn on February 27, 2012. Although ignorance of the law, even in the case of an unrepresented prisoner, is not a basis for equitable tolling, *see Sosa*, 364 F.3d at 512, Mr. Mahorn has pursued his rights diligently by attempting to obtain review in his case within a very short period after it became clear that his case was affected by *Simmons*.

Courts have held that opinions of the circuit court overruling prior circuit law can satisfy the "extraordinary circumstance" requirement. *See Burns v. Prudden*, 588 F.3d 1148, 1151 (8th Cir. 2009)(noting that the State failed to cite any authority for the proposition that "courts should demand pro se petitioners to anticipate that a court will overrule established law"). Mr. Mahorn filed the correct motion, in the proper court, within eight months of the en banc decision in *Simmons*. In light of the unique circumstances of this case, Mr. Mahorn has exhibited the requisite diligence to satisfy the *Holland* test.

### 2. The Fourth Circuit's En Banc Opinion In *Simmons* Was An Extraordinary Circumstance Beyond Mr. Mahorn's Control That Prevented Him From Filing On Time

In this case, controlling Fourth Circuit precedent until the date the *Simmons* en banc

opinion was issued–on August 17, 2011–provides the necessary "extraordinary circumstance" required to justify equitable tolling. In order to understand the extraordinary nature of the change in law effectuated by *Simmons*, it is instructive to review the procedural history of the relevant cases.

Jason Simmons pleaded guilty to drug trafficking in federal court and was subjected to a sentencing enhancement under the Controlled Substances Act because the district court found that his prior state conviction for marijuana possession was for an offense "punishable by imprisonment for more than one year." The Fourth Circuit affirmed in an unpublished opinion. *United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009) ("Panel I"). The Supreme Court vacated that judgment and remanded the case to the Fourth Circuit for "further consideration in light of *Carachuri-Rosendo v. Holder*." 130 S. Ct. 3455. A panel of the Fourth Circuit held that *Carachuri* did not require a change in the previous holding. *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011) ("Panel II"). However, the Fourth Circuit voted to rehear the case en banc, and in a published opinion, the court of appeals vacated Mr. Simmons's sentence in light of *Carachuri*, holding that the opinion of the Supreme Court "clearly forelcose[d] reliance on *Harp*."[1] *Simmons*, 649 F.3d at 247.

*Carachuri* was an immigration case in which the Supreme Court was faced with the question of whether Mr. Carachuri-Rosendo was eligible to seek cancellation of removal or waiver of inadmissability. *Carachuri-Rosendo*, 130 S. Ct. at 2580. To answer that question, the Court first had to determine whether he had been convicted of an "aggravated felony" pursuant to

---

[1] In *United States v. Harp*, the Fourth Circuit had held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year...we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005) (internal citation omitted).

8 U.S.C. § 1229b(a)(3), which would bar that relief. An "aggravated felony" under the INA includes, *inter alia*, felonies punishable under the Controlled Substances Act for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a). Recidivist simple possession is punishable by up to two years of imprisonment, but "requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. 21 U.S.C. §§ 844(a), 851(a)(1). Because Mr. Carachuri-Rosendo had been convicted of a state simple possession offense that, though it could have been charged in federal court as a felony, was not, the Court held that he had not been convicted of an aggravated felony. In so doing, the Court rejected the approach that would have allowed "hypothetical conduct" proscribed by a state statute to demonstrate that an individual could have been prosecuted for a felony in federal court. It held that

> the defendant must have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.

*Carachuri-Rosendo*, 130 S. Ct. at 2589 (quoting 8 U.S.C. § 1229b(a)(3)).

Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo* to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Under North Carolina's structured sentencing regime, felony sentences are contingent on the designated "class of offense" and the offender's "prior record level," which are each established by statute. N.C. Gen. Stat. §15A-1340.13(b). Once these two factors have been established, the sentencing judge matches the factors to a statutory table, which provides a presumptive range, a mitigated range, and an

aggravated range. N.C. Gen. Stat. §15A-1340.17(c). The presumptive range governs the sentencing unless the judge makes written findings that justify a departure to the aggravated or mitigated range. N.C. Gen. Stat. §§15A-1340.13(e); 15A-1340.16(c). Once the appropriate range has been determined, the defendant's minimum sentence must fit within that range. In *Simmons*, the Fourth Circuit held that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (2010)).

The Fourth Circuit, sitting en banc, felt that *Carachuri*'s holding that the "actual recidivist finding...must be part of a particular defendant's record of conviction for the conviction to qualify as a felony," compelled its result in *Simmons*. *Simmons*, 649 F.3d at 244 (citing *United States v. Haltiwanger*, 637 F.3d 881, 884 (8th Cir. 2011)). However, a section 2255 petitioner would have had no such notice that the law applicable to his case had changed so dramatically: *Carachuri* squarely addressed itself to the immigration context and turned on whether the proscribed conduct of an individual's state offense could, hypothetically, have been punished as a federal felony. *Simmons* treated the question of whether North Carolina state criminal convictions were "punishable by a term of imprisonment exceeding one year" under existing *state* law. *Carachuri* looked to the underlying conduct and compared it to existing federal crimes. *Simmons*, by contrast, looked at the state *conviction* and determined whether a given crime was "punishable by a term of imprisonment exceeding one year."

The significant differences between these two cases was recognized by the court of appeals itself. The initial reviewing panel, on remand from the Supreme Court, held that "*Carachuri-

*Rosendo* is inapplicable to our present inquiry...[because] the plain language of the immigration statute interpreted by the Supreme Court in that case differs in critical respects from the statute at issue in the criminal proceeding before us. Whatever the impact of *Carachuri-Rosendo* in other settings, it does not compel a different view of the plain language of §802(44)." *Simmons*, 635 F.3d at 145 ("Panel II"). The Fourth Circuit panel distinguished the Supreme Court's inquiry in *Carachuri* as "defendant-specific" and its inquiry in *Simmons* as "offense-specific" because Simmons' case did not require a "hypothetical" inquiry into whether a state court prosecutor could have charged Simmons differently. *Id.* It was only six months later, sitting en banc, that the Fourth Circuit interpreted the old *Harp* rule to require consideration of "hypothetical aggravating factors" to calculate an individual's maximum punishment. *Simmons*, 649 F.3d at 244. It was only then that the Fourth Circuit held that *Harp* must be overturned.

To put it simply, any section 2255 petitions filed after *Carachuri* and before the en banc decision in *Simmons* would have been denied, as the district court would have been bound by the controlling Fourth Circuit precedent in *Harp*. It would be absurd to require a section 2255 petitioner to have forecasted the ultimate effect of *Carachuri* on Fourth Circuit interpretations of North Carolina state criminal convictions. Understanding that the clear and unambiguous law of this circuit, until August 17, 2011, dictated that *Harp* was controlling law, this Court holds that equitable tolling is warranted in this exceptional circumstance.

### 3. This Holding Is Consistent With The Principle Announced In *Dodd v. United States*

In *Dodd v. United States*, the Supreme Court held that the date from which section 2255's period of limitations begins to run is the date on which the right is initially recognized by the Supreme Court, not the date on which the right is made retroactive. *Dodd*, 545 U.S. at 353, 354-55. Here, Mr. Mahorn does not seek the benefit of a later date merely out of a claim that he was

unaware whether *Carachuri* would be retroactive on collateral review. Rather, he seeks the benefit of the date of the en banc decision in *United States v. Simmons* because it was not until that date that the Fourth Circuit determined the meaning of *Carachuri* for those convicted of North Carolina state crimes.

Following *Dodd*, the operative date for statute of limitations period purposes is the date of decision of *Carachuri*--June 14, 2010. However, this date must be equitably tolled until August 17, 2011 to account for the dramatic shift in controlling circuit precedent. Because Mr. Mahorn filed his section 2255 petition within a reasonable period after the *Simmons* en banc decision, the Court holds that it was timely filed.

### III. In Light Of *United States v. Simmons*, Mr. Mahorn Is No Longer A Felon In Possession Of A Firearm And Vacating His Conviction Is The Proper Remedy

Mr. Mahorn's three state convictions that had been classified as felonies under *Harp* are no longer felonies after *Simmons*. They are: (1) a conviction for breaking and entering on July 13, 2004, (2) a conviction for breaking and entering and larceny on July 13, 2004, and (3) a conviction for larceny of a motor vehicle on June 19, 2006. As to the first conviction, Mr. Mahorn was convicted of Class H and I felonies at a prior record level of two. The sentencing judge made no written findings of aggravating or mitigating factors. Therefore, the longest term of imprisonment that Mr. Mahorn was exposed to was twelve months. As to the second conviction, Mr. Mahorn was convicted of Class H and I felonies at a prior record level of two. The sentencing judge made written findings of aggravating factors. Therefore, the longest term of imprisonment that Mr. Mahorn was exposed to was twelve months. As to the third conviction, Mr. Mahorn was convicted of a Class H felony at a prior record level of two. The sentencing judge made no written findings of aggravating or mitigating factors. Therefore, the longest term of imprisonment that Mr. Mahorn

was exposed to was twelve months.

Because, in light of *Simmons*, Mr. Mahorn was not convicted of a crime "punishable by a term of imprisonment exceeding one year" when he was convicted of the instant offense, he no longer has the predicate conviction required to be convicted as a felon in possession of a firearm. Because Count 2 of the indictment was dismissed upon Mr. Mahorn's plea pursuant to the written plea agreement, the Court exercises its "power to fashion an appropriate remedy" by vacating Mr. Mahorn's conviction and sentence and by terminating his supervised release. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

## CONCLUSION

For the foregoing reasons, the United States' Motion [DE 40] is DENIED, Mr. Mahorn's Motion [DE 37] is GRANTED, his conviction and sentence are VACATED, and his supervised release is TERMINATED. As a result, the pending Amended Motion for Revocation of Supervised Release [DE 33] is DENIED AS MOOT.

SO ORDERED, this the 13 day of April, 2012.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE